1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 5:08-cr-00634 EJD |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION PURSUANT TO** |
| v. ) | **28 U.S.C. § 2255** |
| ) | |
| SALVADOR PRADO FIGUEROA, ) | |
| ) | |
| Defendant. ) | **[Re: Docket No. 72]** |
| ) | |
| ) | |
| ) | |

Before the Court is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in

Federal Custody filed by Petitioner Salvador Prado Figueroa ("Petitioner"), pro se, pursuant to

28 U.S.C.§ 2255. See Docket Item No. 72. Petitioner challenges his sentence on the grounds that

he did not receive effective assistance of counsel, and that his sentence is substantively and

procedurally unreasonable.  The Motion will be denied for the reasons discussed below.

## I.      BACKGROUND

On September 17, 2008, Petitioner was charged with unauthorized presence in the United

States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). See Docket Item 1. The charge

carries a maximum prison sentence of 20 years, a maximum fine of $250,000 and a maximum of

three years of supervised release. 8 U.S.C. § 1326(b).

**United States District Court**
For the Northern District of California

1    At the February 8, 2010 change-of-plea hearing before District Court Judge James Ware,

2  Petitioner entered an "open" guilty plea with the assistance of defense counsel Lara Vinnard

3  ("Vinnard"). See United States' Opp'n to Pet.'s Mot. to Vacate, Set Aside, or Correct a Sentence

4  ("U.S.'s Opp'n") Ex. 1, Transcript of Proceedings Before the Honorable James Ware. The court

5  inquired as to whether Petitioner was voluntarily pleading guilty and if he understood the

6  consequences of doing so, to which Petitioner responded in the affirmative. Id. at 6-7. The court

7  also asked Petitioner if he was satisfied with the services of his attorney, and Petitioner said that he

8  was. Id. at 4. In addition, the court inquired as to whether Petitioner and his attorney had discussed

9  the factors that the court would consider in determining his sentence; Petitioner responded that they

10  had. Id. at 6. At the close of the hearing the court accepted the guilty plea, finding that the plea had

11  been given freely and voluntarily and that there was a factual basis for it. Id. at 10-11.

12    Petitioner was sentenced by Judge Ware on June 14, 2010. See Docket Item 39. The Pre-

13  Sentence Investigation Report ("PSR") issued by the United States Probation Office recommended

14  a 70-month sentence, Petitioner's counsel argued for a sentence of 30 months, and the government

15  recommended a sentence of 77 months. See U.S.'s Opp'n Ex. 2. Defense counsel objected to a 16-

16  level sentencing enhancement based on a prior domestic violence conviction, which the court

17  declined to set aside or reduce. Id. at 5. Defense counsel also urged the court to consider certain

18  mitigating factors, including Petitioner's mental health and the death of his eldest daughter. Id. at

19  6-7. The court sentenced Petitioner to 63 months' imprisonment, 3 years of supervised release, and

20  $100 special assessment. See Docket Item 39.

21    On August 17, 2012, Petitioner filed the present Motion to Vacate, Set Aside, or Correct a

22  Sentence by a Person in Federal Custody (hereinafter "Pet'r's Mot.") pursuant to 28 U.S.C.§ 2255.

23                    **II.    LEGAL STANDARD**

24    A motion to set aside, correct, or vacate a sentence of a person in federal custody pursuant

25  to 28 U.S.C.§ 2255 entitles a prisoner to relief "[if] the court finds that . . . there has been such a

26  denial or infringement of the constitutional rights of the prisoner as to render the judgment

27  vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine

28

2

Case No.: 5:08-cr-00634 EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989), cert. denied, 493 U.S. 869 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993); see also United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004). While a petitioner is not required to allege facts in detail, he must make factual allegations. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: 1) a petitioner alleges specific facts which, if true, would entitle him to relief; and 2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

## III.   DISCUSSION

Petitioner offers three grounds to support his contention that his sentence is unlawful.

In the first, Petitioner alleges ineffective assistance of counsel. Specifically, he argues that defense counsel Vinnard was ineffective because she purportedly failed to object to the 16-level sentencing enhancement applied in his case. In addition, Petitioner contends that Vinnard failed to inform the court that Petitioner's former defense attorney had been subject to disciplinary action by the California Bar Association.

In the second ground, Petitioner argues that his sentence is substantively unreasonable because the court failed to consider mitigating circumstances in imposing Petitioner's sentence; because it creates a sentencing disparity within the Ninth Circuit; and, because the court did not comply with 18 U.S.C. § 3553(a)(2) by imposing a sentence that is "greater than necessary."

Case No.: 5:08-cr-00634 EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

1    In the third ground, Petitioner contends that the court committed procedural error by

2  applying the Sentencing Guidelines in effect at the time of sentencing, rather than those that took

3  effect in November 2010.

4    **A. Ineffective Assistance of Counsel**

5    Petitioner's claim of ineffective assistance of counsel is governed by the two-prong test

6  articulated in <u>Strickland v. Washington</u>, 488 U.S. 668, 687 (1984). In order to prevail on such a

7  claim, a petitioner bears the burden of showing that his attorney's allegedly deficient performance

8  fell below an "objective standard of reasonableness." <u>Id.</u> at 687-88. In addition, a petitioner must

9  also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the

10  result of the proceeding would have been different." <u>Id.</u> at 894.

11    Here, neither of Petitioner's bases for claiming ineffective assistance of counsel meet his

12  burden under <u>Strickland</u>. First, Petitioner argues that defense counsel failed to object to a 16-level

13  sentencing enhancement. <u>See</u> Pet'r's Mot. at 5. This contention is directly contradicted by the trial

14  record. <u>See</u> U.S.'s Opp'n Ex. 2. Defense counsel Vinnard submitted a sentencing memorandum

15  which encouraged the court not to impose the enhancement. <u>See</u> Docket Item 36. Vinnard also

16  objected during Petitioner's sentencing hearing, arguing that the court should not apply the

17  enhancement since it was based on a nearly decade-old conviction. <u>See</u> U.S.'s Opp'n Ex. 2 at 4-5.

18  That the court ultimately did not adopt Vinnard's position does not in and of itself make her

19  representation deficient for constitutional purposes.

20    Further, Petitioner suffered no prejudice from the allegedly deficient performance because

21  the Sentencing Guidelines were appropriately applied in his case. Petitioner was convicted of

22  Inflicting Corporal Injury on a Spouse in violation of California law in 2001. <u>See</u> U.S.' Opp'n at 6.

23  This is a conviction that has been interpreted by the Ninth Circuit to fall within the meaning of

24  "crime of violence" for sentencing purposes. <u>Id.</u> Because the 16-level enhancement is consistent

25  with the Sentencing Guidelines, the enhancement was appropriately applied in Petitioner's case.

26    Equally unpersuasive is Petitioner's contention that Vinnard erred by not bringing to the

27  court's attention the fact that Petitioner's previous criminal attorney, James Earl Defrantz

28

**United States District Court**
For the Northern District of California

4

1    ("Defrantz"), had been disciplined by the California Bar Association. See Pet'r's Mot at 5.

2    Defrantz defended Petitioner in a 1999 drug possession conviction. See U.S.' Opp'n at 7.

3          The problem with this argument is twofold. First, Petitioner erroneously argues that the

4    court based the 16-level sentencing enhancement on this 1999 drug conviction. See Pet'r's Mot. at

5    5-A. The trial record clearly indicates that the sole basis for the enhancement was Petitioner's 2001

6    felony domestic violence conviction. See U.S.'s Opp'n Ex. 2 at 11. While the court did consider

7    Petitioner's prior drug convictions, it did so only after determining his offense level. Id. at 12-13.

8          Second, Petitioner reasons that, because Defrantz became ineligible to practice law shortly

9    after Petitioner's 1999 drug conviction, Defrantz can be assumed to have provided ineffective

10   assistance in his case. If that were true, Petitioner seems to argue that the prior drug conviction

11   should have been presumed invalid for sentencing purposes, and that Vinnard provided

12   constitutionally inadequate representation by failing to raise the issue.

13         There is a strong presumption that counsel has "rendered adequate assistance and made all

14   significant decisions in the exercise of professional judgment." Strickland, 466 U.S. at 690.

15   Although Defrantz became ineligible to practice law due to several instances of misconduct in six

16   different cases, Petitioner's was not among them. See U.S.'s Opp'n Ex. 3. Petitioner provides no

17   evidence to overcome the presumption that Defrantz provided constitutionally adequate

18   representation in his case. Temporal proximity between the Bar Association's action against

19   Defrantz and Petitioner's conviction is not enough. As the government's opposition notes, at the

20   time of sentencing Petitioner's conviction had not been overturned as a result of the Bar

21   Association's investigation of Defrantz. See U.S.'s Opp'n at 8. It was reasonable for defense

22   counsel Vinnard to assume the conviction was valid for sentencing purposes, and her failure to

23   raise the issue of the state bar investigation did not render her assistance ineffective.

24         **B. Substantive Sentencing Error**

25         A substantive review of a sentencing decision is made under a deferential abuse-of-

26   discretion standard. Gall v. United States, 552 U.S. 38, 46 (quoting United States v. Booker, 543

27   U.S. 220 at 260-62). The review considers the totality of the decision's circumstances, including

28

United States District Court
For the Northern District of California

5

Case No.: 5:08-cr-00634 EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

**United States District Court**
For the Northern District of California

the history of the specific defendant, the range of sentence suggested by the Sentencing Guidelines, as well as any deviation from the Guidelines by the sentencing court. Id. at 51. That the reviewing court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." Id.

Petitioner believes that the court committed substantive sentencing error for three reasons. First, Petitioner argues the court failed to consider pertinent mitigating circumstances. See Pet'r's Mot. at 6. This contention is unsupported by the record. During the sentencing hearing, defense counsel urged the court to take Petitioner's mental illness and the trauma of his daughter's death into account in imposing sentence. See U.S.'s Opp'n Ex. 2 at 6. After considering those circumstances, the court reduced Petitioner's offense level by three, from 21 to 18; this resulted in a sentence at least 14 months shorter than what Petitioner would have received otherwise. Id. at 13. While Petitioner would understandably have preferred a stronger emphasis on his mitigating circumstances, the amount of weight the court gave them was reasonable.

Second, Petitioner argues that his sentence is unreasonable on the basis that it creates a sentencing disparity within the Ninth Circuit. See Pet'r's Mot. at 6. While Petitioner is correct that avoiding unwarranted disparities is a factor to be considered in imposing a sentence, it is not the only factor. United States v. Marcial-Santiago, 447 F.3d 715, 719 (9th Cir. 2006) (quoting United States v. Morales-Chaires, 430 F.3d 1124, 1131 (10th Cir. 2005)). Indeed, § 3553 provides seven factors that a sentencing court should take into account which, in addition to possible disparities, includes: the need to promote respect for the rule of law; the need to provide the defendant with needed training; the history and characteristics of the defendant; and, the need to provide restitution to the victim. See 18 U.S.C. § 3553(a). The fact that a sentence may create an unwarranted disparity does not alone render the sentence unreasonable. Marcial-Santiago, 447 F.3d at 719 (quoting Morales-Chaires, 430 F.3d at 1131). Following Petitioner's reasoning to its logical conclusion would leave every sentence open to reversal simply on the basis that it is not identical to the sentence imposed against another defendant, no matter the differences in circumstances and

Case No.: 5:08-cr-00634 EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

United States District Court
For the Northern District of California

1  history between the two cases. The sentencing court considered Petitioner's prior convictions and

2  mitigating circumstances, and arrived at a reasonable sentence in light of those factors.

3    Lastly, Petitioner argues that his sentence is substantively erroneous because it is "greater

4  than necessary" to effectuate the objectives of sentencing set forth in 18 U.S.C. § 3553(a)(2). <u>See</u>

5  Pet'r's Mot. at 6-A. The basis for this argument appears to be the court's purported complete

6  disregard of Petitioner's mitigating circumstances during sentencing. Id. As noted above, this

7  contention is contradicted by the trial record. During the sentencing hearing, Judge Ware

8  specifically noted Petitioner's mental health history and family circumstances as factors he

9  considered in imposing sentence. <u>See</u> U.S.' Opp'n at 11-12. However, Judge Ware also noted other

10  issues he had taken into account, including Petitioners' history of drug-related and domestic

11  violence convictions. <u>Id.</u> at 12-13. The sentencing court reasonably balanced Petitioner's mental

12  illness and family history with his criminal record, which included felonious acts of violence. The

13  Court therefore finds that the sentence imposed in this case is consistent with § 3553.

14    **C. Procedural Sentencing Error**

15    Petitioner's final contention is that the court committed procedural error by applying the

16  Sentencing Guidelines in effect at the time of sentencing, rather than those that took effect in

17  November 2010. <u>See</u> Pet'r's Mot. at 8. The Guidelines implemented in November, four months

18  after Petitioner's sentencing, eliminated a provision which added two criminal history points to

19  Petitioner's offense level based on how recently he had returned to the United States. <u>See</u> U.S.'s

20  Opp'n at 9. However, the Sentencing Commission is clear that the Guidelines are not retroactive;

21  the version that should be applied is the one in effect at the time of sentencing. <u>See</u> U.S.S.G. §

22  1B1.11(a). Although Petitioner would have fared better under the November 2010 Guidelines, the

23  Court committed no error by declining to apply the revised Guidelines not yet in effect at the time

24  of Petitioner's sentencing.

25        **IV. CONCLUSION**

26    For the foregoing reasons Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence

27  pursuant to 28 U.S.C.§ 2255 is DENIED. No certificate of appealability shall issue, as Petitioner

28

7

Case No.: 5:08-cr-00634 EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255

has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2). Accordingly, the Clerk of the Court is directed to enter judgment for Respondent and against Petitioner and close the civil case associated with this Motion.

**IT IS SO ORDERED.**

Dated: September 19, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:08-cr-00634 EJD
ORDER DENYING DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. § 2255